IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-206-GPM |
| | ) |
| DONALD HULICK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for alleged violations of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on April 16, 2008, while confined at the Menard Correctional Center, he and another inmate, Michael Johnson, were handcuffed and taken to the shower area. Plaintiff contends that inmate Johnson was not searched by Defendant John Doe before Johnson was handcuffed.

Plaintiff states that prior to Defendant Hulick's arrival at Menard, prisoners had their handcuffs removed *before* being placed in a locked area with another inmate. Plaintiff alleges that after Defendant Hulick arrived at Menard, Hulick changed the procedure so that prisoners had their handcuffs removed, one-by-one only *after* being placed in a locked area with another inmate. According to the complaint, once Plaintiff and inmate Johnson were locked in the shower area by Defendant Wagner, inmate Johnson's handcuffs were released first and Johnson commenced stabbing Plaintiff with a weapon. Plaintiff states that Wagner and John Doe looked on and did not

intervene until the attack had abated. Plaintiff states that he was examined by Defendant Jane Doe, but she failed to have a doctor examine his wounds and only provided him with ointment and gauze. Plaintiff states that he still suffers pain from his stab wounds due to the improper treatment.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Hulick, Wagner, and John Doe by being deliberately indifferent to a risk of attack by promulgating and utilizing the new handcuff procedures, in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:** Against Defendant John Doe for being deliberately indifferent to a risk of attack by inmate Johnson by failing to search Johnson for weapons, in violation of Plaintiff's Eighth Amendment rights.

**COUNT 3:** Against Defendants Wagner and Doe for being deliberately indifferent to his health and safety by failing to halt the attack by inmate Johnson, in violation of Plaintiff's Eighth Amendment rights.

**COUNT 4:** Against Defendant Jane Doe for being deliberately indifferent to Plaintiff's medical needs, in violation of Plaintiff's Eighth Amendment rights.

### DISCUSSION

Liberally construed, Counts 1, 2, and 3 of the complaint allege that Defendants Hulick, Wagner, and John Doe subjected Plaintiff to dangerous conditions and/or failed to adequately protect him from an obvious risk of attack from another inmate. Under the Eighth Amendment, Plaintiff has a right to be protected from attacks at the hands of other inmates. To establish an Eighth Amendment failure to protect claim, Plaintiff must demonstrate (1) that he suffered an objectively sufficiently serious injury; (2) that he was incarcerated under conditions imposing a sufficient risk of serious harm; and (3) that the defendants knew about the risk yet disregarded it.

*Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). A defendant's actual knowledge of a risk may be inferred from circumstantial evidence. *Id.* Applying these principles, the Court finds that Counts 1, 2, and 3 survive threshold review and cannot be dismissed at this time.

Count 4 of the complaint asserts that Defendant Jane Doe was deliberately indifferent to Plaintiff's serious medical needs (i.e., the stab wounds).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

On the record currently before it, the Court is unable to dismiss Count 4. A stab wound may be superficial or it may be serious. If Plaintiff's wounds were superficial, then Defendant Jane Doe's actions may not rise to the level of a constitutional violation, but the Court cannot resolve the matter solely on the pleadings currently before it.

### APPOINTMENT OF COUNSEL

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v.*

*Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). With regard to the first step of the inquiry, Plaintiff states that he has "written to numerous law firms to request pro bono representation," but he has not received any response to his requests.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli*, 615 F.3d at 852 (noting infancy of case makes it impossible to make accurate determination of *pro se* litigant's ability to litigate case). Plaintiff's claim does not appear to be factually complex. He asserts that he was attacked by another inmate and that the Defendants knew about the risk of attack and failed to do anything about it. He also asserts that he was denied medical care for the wounds he suffered from the attack. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, Plaintiff's complaint adequately articulates his claims. Defendants have not yet been served with process and, therefore, have not yet filed a reply or answer to the complaint. Future developments may persuade the Court that recruitment of counsel is appropriate in this case. At this early stage and time, though, the Court concludes that Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**SUMMARY**

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Hulick and Wagner**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Hulick and Wagner** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on Defendants John Doe and Jane Doe until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of the Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois

72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 11/15/10

                                                 s/ *G. Patrick Murphy*
                                                 G. PATRICK MURPHY
                                                 United States District Judge