IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-00206-GPM-DGW |
| DONALD HULICK, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on Motion for Summary Judgment on the Issue of Exhaustion and Memorandum in Support filed by Defendants Donald Hulick and Timothy Wagner (Docs. 22, 23). For the reasons discussed below, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 22); **DISMISS** Defendants John and Jane Doe from this action; **DISMISS** Counts I, II and IV; **DISMISS** Count III against Defendant John Doe; and adopt the undersigned's findings of fact and conclusions of law. Should the Court adopt the undersigned's findings of fact and conclusions of law, the only remaining claim will be Count III for deliberate indifference to health and safety against Defendant Timothy Wagner.

## FINDINGS OF FACT

*Procedural History*

Eugene Williams ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard") (Doc. 1). In his Complaint, Plaintiff alleges that on April 16,

2008, he and another inmate, Michael Johnson, were handcuffed and taken to the shower area (Docs. 1,8). Plaintiff contends that inmate Johnson was not searched by Defendant John Doe before Johnson was handcuffed. *Id.* Once Plaintiff and inmate Johnson were locked in the shower area by Defendant Timothy Wagner, inmate Johnson's handcuffs were released first and Johnson began stabbing Plaintiff with a weapon. *Id.* Plaintiff states that Defendants Wagner and John Doe looked on and did not intervene until the attack had abated. *Id.* Plaintiff alleges that he was examined by Defendant Jane Doe, but she failed to have a doctor examine his wounds and only provided him with ointment and gauze. *Id.* Plaintiff states that he still suffers pain from his stab wounds due to the improper treatment. *Id.*

Plaintiff further alleges that prior to Defendant Donald Hulick's arrival at Menard, prisoners had their handcuffs removed before being placed in a locked area with another inmate (Docs. 1, 8). He alleges that after Defendant Hulick arrived at Menard, Hulick changed the procedure so that prisoners had their handcuffs removed, one-by-one only after being placed in a locked area with another inmate. *Id.*

On November 15, 2010, the District Court completed its threshold review of the Complaint, finding that Plaintiff presented a claim for: (1) deliberate indifference to risk of attack by promulgating and utilizing the new handcuff procedures against Defendants Hulick, Wagner and John Doe; (2) deliberate indifference to risk of attack by inmate Johnson by failing to search Johnson for weapons against Defendant John Doe; (3) deliberate indifference to health and safety by failing to halt the attack by inmate Johnson against Defendants Wagner and John Doe; and (4) deliberate indifference to medical needs against Defendant Jane Doe (Doc. 8).

In answering the complaint, Defendants Hulick and Wagner raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit in violation

of 42 U.S.C. § 1997(e) (Doc. 17). On March 7, 2011, Defendants Hulick and Wagner filed a Motion for Summary Judgment on the Issue of Exhaustion and Memorandum in Support (Docs. 22, 23). Plaintiff did not file a response. Based upon the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing on the question of exhaustion on April 21, 2011 (Doc. 37).

*Factual Background*

In their Motion for Summary Judgment, Defendants Wagner and Hulick contend that Plaintiff failed to exhaust his administrative remedies as to Count I of Plaintiff's Complaint, deliberate indifference to a risk of attack by promulgating and utilizing the new handcuff procedures at Menard against Defendants Wagner, Hulick and John Doe (Docs. 22, 23). In support of their motion, Defendants attached the affidavit of Jackie Miller, Chairperson of the Office of Inmate Issues for the Illinois Department of Corrections ("IDOC") (Doc. 23). In the affidavit, Ms. Miller testifies that she has reviewed IDOC records and has found only one grievance filed by Plaintiff relating to the April 16, 2008 incident. *Id.* That grievance, Ms. Miller states, does not reference Menard's handcuff procedures. *Id.*

Also before the Court, *sua sponte*, is the status of Plaintiff's Complaint against Defendants John and Jane Doe, who are named in the Complaint, but have never been identified or served.

*Pavey Hearing*

At the hearing held on April 21, 2011, Defendants Hulick and Wagner restated the arguments raised in their Motion for Summary Judgment on the Issue of Exhaustion and Memorandum in Support (Docs. 22, 23). Plaintiff acknowledged the grievance dated April 30, 2008 is the only grievance he filed regarding the allegations in his Complaint (Doc. 37, p. 10).

Plaintiff further acknowledged that the grievance does not identify or describe anyone other than Defendant Wagner and does not mention the handcuff procedures at Menard (Doc. 37, p. 6-10). Plaintiff contends that he was suffering from trauma at the time he wrote the grievance, and any deficiencies in the grievance should be excused because of that trauma (Doc. 37, p. 7-8).

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is appropriate where the pleadings, discovery and disclosure materials on file and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Va., Inc.*, 553 F.3d 559, 563 (7th Cir. 2009)(citing Fed. R. Civ. P. 56(c)); *accord Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008); *Levy v. Minn. Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable inference in the light most favorable to the non-moving party. *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

The non-moving party cannot rest on its pleadings, though; to avoid summary judgment, the non-moving party must provide evidence on which a reasonable fact-finder could find in favor of the non-moving party. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). As the Seventh Circuit recently explained:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009) (citation omitted) (citing Fed. R. Civ. P. 56(e); *Plasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006)).

***Exhaustion of Administrative Remedies***

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The law of the Seventh Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims administratively/internally, prior to federal litigation. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Porter v. Nussle*, 534 U.S. 516, 524-525 (2002).

The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. Ill. Admin. Code tit. 20 § 504.810 *et seq*. (2003). An inmate must first attempt to

resolve the complaint informally through his counselor. Ill. Admin. Code tit. 20 § 504.810(a) (2003). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Ill. Admin. Code tit. 20 § 504.810 (2003). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code tit. 20, § 504.830 (2003). An inmate may appeal the decision of the CAO in writing within 30 days. Ill. Admin. Code tit. 20, § 504.850 (2003); *see also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

***Exhaustion as to Count I Against Defendants Hulick and Wagner***

Count I of Plaintiff's Complaint alleges that Defendants Hulick, Wagner and John Doe were deliberately indifferent to a risk of attack on him (and other inmates) by promulgating and utilizing new handcuff procedures at Menard in violation of his Eighth Amendment rights (Docs. 1, 6). Defendants Hulick and Wagner argue that this claim should be dismissed because Plaintiff failed to contest Menard's handcuff procedures in his grievance dated April 30, 2008 (Docs. 22, 23). At the *Pavey* hearing on April 21, 2011, Plaintiff acknowledged that he did not submit any other grievance related to the April 16, 2008 incident or any other grievance contesting the handcuff procedures at Menard (Doc. 37, p. 10).

Under the Illinois regulations, a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." Ill. Admin. Code tit. 20 § 504.810(b) (2003).

Plaintiff's grievance is clearly deficient. He does not mention a single detail about the handcuff procedures at Menard. He, therefore, did not put Defendants Hulick and Wagner on

notice that he contested the handcuff procedures. Accordingly, it is recommended that Count I of Plaintiff's Complaint as to Defendants Hulick and Wagner be dismissed.

***John and Jane Doe Defendants***

Plaintiff named Defendant John Doe in Counts I, II and III of his Complaint, and Defendant Jane Doe in Count IV of his Complaint. On March 10, 2011, the Court entered an Amended Show Cause Order requiring Plaintiff to file an amended complaint identifying John and Jane Doe Defendants by name, description and work address by April 11, 2011 (Doc. 29). In his response to the Amended Show Cause Order, Plaintiff stated that he has been unable to identify these individuals by name (Doc. 29).

Further, Plaintiff's April 30, 2008 grievance is deficient as it relates to John and Jane Doe. Neither defendant is identified by description or by the label "John or Jane Doe" nor are there allegations that John Doe was deliberately indifferent to: a) a risk of attack by promulgating and utilizing the new handcuff procedures; b) a risk of attack by inmate Johnson by failing to search Johnson for weapons; or c) indifferent to his health and safety by failing to halt the attack by inmate Michael Johnson. Likewise, nowhere in Plaintiff's grievance does he allege that Jane Doe was deliberately indifferent to his medical needs. As previously stated, Plaintiff is not required to identify the Defendants by name, but he must provide enough descriptive information about the individuals so as to put them on notice of his complaint. *See* Ill. Admin. Code tit. 20 § 504.810 (2003); *Glick v. Walker*, 385 Fed. Appx. 579, 582 (7th Cir. 2010) (prisoner must identify individuals involved only to the extent practicable).

Despite the fact that Defendants John Doe and Jane Doe have not been served in this case, the undersigned finds that Plaintiff has not exhausted his administrative remedies against these defendants and recommends the dismissal of Defendants John Doe and Jane Doe from this action.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 22); **DISMISS** Defendants John and Jane Doe from this action; **DISMISS** Counts I, II and IV; **DISMISS** Count III against Defendant John Doe; and adopt the undersigned's findings of fact and conclusions of law. Should the Court adopt the undersigned's findings of fact and conclusions of law, the only remaining claim will be Count III for deliberate indifference to health and safety against Defendant Timothy Wagner.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 19, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**