# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE WILLIAMS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 10-206-GPM |
| **DONALD HULICK, TIMOTHY WAGNER, OFFICER JOHN DOE, and NURSE JANE DOE,** | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 40), recommending that the motion for partial summary judgment for failure to exhaust administrative remedies filed by Defendants Hulick and Wagner (Doc. 22) be granted. In accordance with the dictates of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held a hearing on April 21, 2011, to determine whether Plaintiff exhausted available administrative remedies on his claim that Defendants Hulick, Wagner, and John Doe were deliberately indifferent to a risk of attack by promulgating and utilizing certain handcuff procedures (*see* Docs. 35, 37). Magistrate Judge Wilkerson issued his Report and Recommendation on July 19, 2011, and *sua sponte* recommended that Plaintiff's claims asserted against John Doe and Jane Doe be dismissed for Plaintiff's failure to identify these Defendants and for Plaintiff's failure to identify or describe such individuals in his grievance. No timely objections to the Report and Recommendation have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 40),[1] **GRANTS** the motion for partial summary judgment for failure to exhaust administrative remedies filed by Defendants Hulick and Wagner (Doc. 22), and **DISMISSES with prejudice** the claims asserted against Donald Hulick, John Doe, and Jane Doe. All that remains is Plaintiff's claim against Timothy Wagner for deliberate indifference to health and safety delineated as Count 3 in this Court's threshold Order dated November 15, 2010 (*see* Doc. 8).

**IT IS SO ORDERED.**

DATED: 09/12/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] While a *de novo* review is not required, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.