IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 10-206-GPM |
| | ) |
| DONALD HULICK, TIMOTHY WAGNER, | ) |
| OFFICER JOHN DOE, and NURSE JANE | ) |
| DOE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 40) recommending the Court grant Defendants' motion for partial summary judgment for failure to exhaust administrative remedies (Doc. 22). The Report and Recommendation of Magistrate Judge Wilkerson (Doc. 40) also recommended Plaintiff's claims asserted against John Doe and Jane Doe be dismissed for Plaintiff's failure to identify these Defendants and for Plaintiff's failure to identify or describe such individuals in his grievance.

*Procedural History*

The relevant procedural history on this case is lengthy and complex. Defendants filed their motion for summary judgment on the issue of exhaustion on March 7, 2011 (Doc. 22). Plaintiff never filed a response to the motion. The *Pavey* hearing was held on April 21, 2011 in front of Magistrate Judge Wilkerson and at that time Plaintiff was still proceeding *pro se* (Doc. 35). Magistrate Judge issued the present Report and Recommendation (Doc. 40) on July 19, 2012. On

that same day, Judge Wilkerson appointed counsel to represent Plaintiff in this action (Doc. 41). On July 21, 2011, Plaintiff's counsel filed a motion for relief from appointment, citing to the Illinois Rules of Professional Conduct, and claiming insufficient experience in cases of this nature to provide adequate representation (Doc. 43). Magistrate Judge Wilkerson granted the motion for relief from appointment (Doc. 44) and subsequently appointed new counsel for Plaintiff. (Doc. 47).

Objections to the Report and Recommendation were due on or before August 5, 2011. 28 U.S.C. § 636(b); SDIL-LR 73.1(b). No timely objections were filed and so on September 12, 2011, the Court adopted Magistrate Judge Wilkerson's Report and Recommendation, granted the motion for partial summary judgment, and dismissed the claims asserted against Donald Hulick, John Doe, and Jane Doe with prejudice (Doc. 51).

On October 13, 2011, Plaintiff filed a motion to vacate this Court's Order adopting Magistrate Judge Wilkerson's Report and Recommendation or in the alternative asking the Court to reconsider adopting the Report and Recommendation (Doc. 57). The Court granted the motion to vacate and established a new time line for objections and responses to Judge Wilkerson's Report and Recommendation (Doc. 59). Accordingly, Plaintiff filed objections on November 29, 2011(Doc. 60), and Defendants filed their response on December 12, 2012 (Doc. 62).

*Analysis*

Plaintiff Eugene Williams, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard") (Doc. 1). In his complaint, Plaintiff alleged that on April 16, 2008, he and another inmate, Michael Johnson, were handcuffed and taken to the shower area (Docs. 1,8). Plaintiff contends that Defendant John Doe failed to search Johnson before handcuffing

Johnson and escorting he and Plaintiff to the shower area. *Id.* Defendant Timothy Wagner locked Plaintiff and Johnson in the shower area. *Id.* Johnson's handcuffs were released first and he began stabbing Plaintiff with a weapon. *Id.* According to Plaintiff, Defendants Wagner and John Doe did not intervene until the attack abated. *Id.* Plaintiff also claims he was examined by Defendant Jane Doe, but she failed to have a doctor examine his wounds and only provided Plaintiff ointment and gauze. *Id.* Plaintiff allegedly still suffers pain due to the improper treatment. *Id.* Prior to Defendant Donald Hulick's arrival at Menard, Plaintiff contends prison staff removed a prisoner's handcuffs *before* placing a prisoner in a locked area with another inmate (Docs. 1, 8). However, once Hulick arrived at Menard, he changed the procedure and an inmate's handcuffs were removed one-by-one *after* placing a prisoner in a locked area with another inmate. *Id.*

In accordance with the dictates of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held a hearing to determine whether Plaintiff exhausted available administrative remedies on his claim that Defendants Hulick, Wagner, and John Doe were deliberately indifferent to a risk of attack by promulgating and utilizing certain handcuff procedures (*See* Docs. 35, 37). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and requirements of the administrative process. This Order addresses only the conclusions of law to which Plaintiff has lodged a specific objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject, or modify the

magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Plaintiff's first objection is to the Magistrate Judge's recommendation that Count I of Plaintiff's Complaint as to Defendants Hulick and Wagner be dismissed for failure to exhaust administrative remedies. Plaintiff acknowledges that at the *Pavey* hearing, he admitted he did not submit a grievance related to Menard Correctional Center's ("Menard") handcuff procedure. However, Plaintiff tries to escape this fact by claiming that Illinois Administrative Code does not require Plaintiff to plead his grievances with such particularity.

Plaintiff cites to Section 504.810(b) of the Illinois Administrative Code, which states in relevant part that a "grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." Ill. Admin. Code Tit, 20 § 504.810(b). Plaintiff correctly discerns that this part of the Administrative Code requires a prisoner to grieve a sufficient description of facts that place defendants on notice of what Plaintiff is contesting. Plaintiff complements this line of argument with the contention that a prisoners's grievance must only "object intelligibly to some asserted shortcoming." *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

The only "shortcoming" identified by Plaintiff in his grievance is that Menard knew inmate Michael Johnson had a propensity to stab and harm other cell mates and despite this knowledge, Menard placed Plaintiff in a cell with Johnson. Plaintiff fails to mention a single detail about Menard's handcuff procedures. Plaintiff makes no objection to the Warden's policies. As such, Plaintiff's grievance fails to plead sufficient facts that would give Hulick and Wagner *any* notice that Plaintiff was concerned with Menard's handcuff procedure. Accordingly, the dismissal of Count I of Plaintiff's complaint against Defendants Hulick, Wagner is appropriate.

Second, Plaintiff objects to Magistrate Judge Wilkerson recommendation to dismiss Defendant John Doe from Counts I, II, and III of the Complaint and Defendant Jane Doe from Count IV of the Complaint (Doc. 40). Judge Wilkerson's Report and Recommendation advances two reasons why the dismissal of John and Jane Doe is appropriate (Doc. 40). First, on March 10, 2011, Judge Wilkerson entered an Amended Show Cause Order directing Plaintiff to file an amended complaint identifying the John and Jane Doe Defendants by name, description, and work address on or before April 11, 2011 (Doc. 29). Next, Judge Wilkerson recommends the dismissal of John and Jane Doe Defendants because Plaintiff has failed to provide enough descriptive information about the individuals so as to put them on notice of the complaint (Doc. 40).

In Plaintiff's response to Magistrate Judge Wilkerson's Amended Show Cause Order, Plaintiff claimed that people were withholding information and mistreating him because he was proceeding *pro se* (Doc. 30). Plaintiff's response simply does not qualify as "adequate justification" required by Magistrate Judge Wilkerson's Amended Show Cause Order (*See* Doc. 29). Therefore, Plaintiff failed to comply with the Amended Show Cause Order.

Moreover, Federal Rule of Procedure 4(m) states that if a "defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Plaintiff filed this lawsuit on March 16, 2010 (*see* Doc. 1), thus Plaintiff was well past his 120 day deadline when Judge Wilkerson warned of the consequences for failing to provide identifying information to effect service on John and Jane Doe (*See* Docs. 28, 29). In light of *Maddox v. Love*, 655 F. 3d 709 (7th Cir. 2011), the Court declines to adopt the analysis dismissing John and Jane Doe for failure to provide sufficient descriptive information about the individuals so as to put them on notice of the complaint. However, Plaintiff failed to comply with Magistrate Judge Wilkerson's Amended Show Cause Order (Doc. 29) and with Federal Rule of Procedure 4(m). Therefore, Defendant John Doe is dismissed from Counts I, II, and III of the Complaint and Defendant Jane Doe is dismissed from Count IV of the Complaint.

*Conclusion*

For these reasons, the Court **ADOPTS** in part and **MODIFIES** in part Magistrate Judge Wilkerson's Report and Recommendation (Doc. 40). Defendants' motion for summary judgment on the issue of exhaustion (Doc. 22) is **GRANTED**. Defendants Hulick and Wagner are **DISMISSED with prejudice** from Count I of Plaintiff's Complaint. *See Robinson v. United States,* 80 Fed.Appx. 494, 500 (7th Cir. 2003), *citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002), *Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002), *and McCoy v. Gilbert,* 270 F.3d 503, 510 (7th Cir. 2001). Defendants John Doe and Jane Doe are **DISMISSED** from this action. Since Plaintiff failed to comply with Magistrate Judge Wilkerson's Amended Show Cause Order, John and Jane are **DISMISSED with prejudice** pursuant to Federal Rule of Procedure 41(b).

*See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.") Accordingly, Counts I, II, and IV are **DISMISSED**.  Only Count III against Defendant Wagner remains.

**IT IS SO ORDERED.**

**DATED**: September 20, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge