IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DONALD HULICK, SGT. WAGNER, )<br>OFFICER JOHN DOE, and NURSE JANE )<br>DOE, )<br>)<br>Defendants. ) | Case No. 3:10-cv-206-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Timothy Wagner's Motion for Summary Judgment (Doc. 87). Plaintiff Eugene Williams, an inmate formerly housed at Menard Correctional Center ("Menard"), alleges that Wagner, a correctional sergeant at Menard, was deliberately indifferent to Plaintiff's health and safety by failing first to *prevent* and then to *halt* an attack in the prison's shower area by fellow inmate Michael Johnson. Plaintiff asserts these failures violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Court's previous order in this matter (Doc. 97) adopted the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 93), thereby granting summary judgment in favor of Wagner on the failure to *prevent* theory. The Court reserved ruling on the remainder of Wagner's summary judgment motion and ordered Plaintiff to show cause why, in light of the undisputed facts, summary judgment should not be granted in favor of Wagner on the failure to *halt* theory as well (Doc. 97).

Plaintiff timely responded, arguing that a genuine issue of material fact exists as to both the failure to *prevent* and failure to *halt* theories (Doc. 98). The Court, having already ruled on the failure to *prevent* theory (Doc. 97), will construe Plaintiff's response as a motion to

reconsider.

For the following reasons, the Court grants summary judgment in favor of Wagner on the remaining failure to *halt* theory and denies Plaintiff's motion to reconsider the failure to *prevent* theory.

## BACKGROUND

The undisputed material facts in this matter were presented in the Court's previous order (Doc. 97) and are likewise included herein.

Prior to April 16, 2008, Plaintiff and Michael Johnson, his cellmate, were generally on good terms. Johnson had made no threats towards Plaintiff, and Plaintiff did not tell anyone that he felt threatened by Johnson. Immediately prior to April 16, 2008, Johnson began acting "crazy" after a minor incident and Plaintiff no longer spoke to him. There is no evidence in the record, however, that Plaintiff ever felt threatened by Johnson or that he ever indicated to anyone that he was fearful of Johnson.

On April 16, 2008, Menard was on lockdown. As a result, inmates being moved to the shower area were individually handcuffed before leaving their cells. This procedure was employed when Plaintiff and Johnson were moved to the shower area. After the inmates had been patted down by other correctional officers, they moved down a stairwell to the shower area where Wagner was stationed. It was Wagner's duty to place the inmates in the designated shower area. An old handcuff procedure would have required Wagner to remove an inmate's handcuffs *before* placing that inmate in the shower area. However, the handcuff procedure that Wagner utilized on April 16, 2008 required him to first place all[1] the inmates in the shower area. Once the inmates were in the shower area, Wagner locked the door behind them. All inmates were

---

[1] According to Wagner, approximately eight inmates were placed in the shower area at a time during a lockdown such as the one on April 16, 2008.

still in handcuffs at this point. Once the door was locked, each inmate, one at a time, came to the door, placed their hands through a "chuckhole," and was un-cuffed.

Unfortunately for Plaintiff, Johnson was un-cuffed before he was. As Plaintiff placed his hands through the chuckhole to be un-cuffed, Johnson began stabbing him in the back with a pen. Wagner ordered the inmates to stop fighting and then sprayed Mace into the shower. This caused Johnson to stop stabbing Plaintiff and, along with the other inmates, to retreat to the back of the shower area while Plaintiff remained next to the door.

After the attack, Plaintiff was told by "internal affairs" that Johnson "is known for stabbing his cellies and stuff like that." Wagner testified that Plaintiff's and Johnson's cell house was where the "most aggressive" inmates were housed. There is no evidence, however, that Wagner had any information on either Plaintiff's or Johnson's particular level of dangerousness (or vulnerability), what they were incarcerated for, or whether they posed an individualized or other specific threat to any other person. Wagner had no other interaction with Plaintiff after this incident.

## DISCUSSION

The only question remaining before the Court in this matter is whether Wagner is entitled to summary judgment on the failure to *halt* theory.

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). The party seeking summary judgment bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*

*Corp.,* 477 U.S. at 323.

In responding to a summary judgment motion, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *see also Serednyj v. Beverly Healthcare, LLC,* 656 F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and supported by evidence ... the nonmoving party may not rest on mere allegations or denials in its pleadings"). A mere scintilla of evidence supporting the nonmoving party's position is insufficient to overcome summary judgment; a non-movant will prevail only when it presents definite, competent evidence to rebut the motion. *Estate of Escobedo v. Martin,* 702 F.3d 388, 403 (7th Cir. 2012); *Parent v. Home Depot U.S.A., Inc.,* 694 F.3d 919, 922 (7th Cir. 2012). Summary judgment is appropriate only if, on the evidence provided, no reasonable juror could return a verdict in favor of the non-movant. *Carlisle v. Deere & Co.,* 576 F.3d 649, 653 (7th Cir. 2009).

The Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir. 2008). The Court considers the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party—here, Plaintiff. *See Anderson,* 477 U.S. at 255; *Spath,* 211 F.3d at 396.

***Theory of Deliberate Indifference in Failing to Halt the Attack***

In response to the Court's order to show cause why, in light of the undisputed facts, summary judgment should not be granted in favor of Wagner on the failure to *halt* theory, Plaintiff objects and argues that the attack did not, in fact, stop when Johnson stopped stabbing Plaintiff and that Wagner was deliberately indifferent in failing to halt the attack "[s]ince Wagner

4

failed to provide immediate medical attention to Plaintiff…." (Doc. 98, p. 3).

Plaintiff fails to supply any legal authority to support his claim that an initial intervention by a third party that halts an attack is insufficient to *actually halt* the attack for purposes of Eighth Amendment liability. According to Plaintiff, even though "Wagner's actions stopped Johnson from stabbing Plaintiff," the attack did not halt "until Plaintiff obtained medical treatment, which took between 15-20 minutes" (Doc. 98, p. 3). The Court, however, remains convinced that its analysis of the failure to *halt* theory in the previous order sufficiently addresses Plaintiff's contentions. Prison officials who actually *knew* of a substantial risk to inmate health or safety are free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that they were deliberately indifferent. *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). Again, taking Plaintiff at his word,[2] Wagner's actions were in fact the very reason why the attack by Johnson was halted, and no evidence has been presented to the Court that would suggest Wagner's response was anything but reasonable.[3]

For this reason, Plaintiff's deliberate indifference claim based on the failure to *halt* theory does not raise a genuine issue of material fact, and thus is unable to overcome summary judgment.

***Motion to Reconsider—Theory of Deliberate Indifference in Failing to Prevent the Attack***

Plaintiff's response (Doc. 98) requests the Court "deny the defendant's motion for

---

[2] In deposition, Plaintiff stated, "…I just got – started getting stabbed in my back, getting stabbed in my back… and then they Sprayed Mace on him, they sprayed Mace on him, and it got him back from me, from stabbing me…." (Williams Dep. Tr. 13: 5-10). When asked who exactly sprayed the Mace, Plaintiff responded, "Wagner, Wagner, the sergeant." (Williams Dep. Tr. 24:9-10).
[3] The Court notes that Plaintiff pled a cause of action *against defendant Jane Doe* for deliberate indifference to his medical needs following the attach by Johnson, but that claim was dismissed with prejudice for Plaintiff's failure to comply with a court order (Doc. 75). Plaintiff did not plead such a claim against Wagner and never sought leave to amend his complaint to add such a claim.

summary judgment" on the theory of deliberate indifference in failing to *prevent* the attack. The Court, however, already ruled on this theory in its previous order and granted summary judgment in favor of Wagner. Nevertheless, the Court will construe Plaintiff's request as a motion to reconsider its ruling.

"A court has the power to revisit prior decisions of its own … in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Plaintiff fails to point to extraordinary circumstances to justify the Court's revisiting its initial grant of summary judgment on the failure to *prevent* theory. In his response, Plaintiff simply restates his legal and factual arguments. The Court, having thoroughly reviewed the record, remains convinced that its grant of summary judgment in favor of Wagner on the failure to *prevent* theory (Doc. 97) was correct. Plaintiff's assertion that a material fact exists as to whether Wagner was deliberately indifferent in failing to *prevent* the attack is denied.

*Defenses—Qualified Immunity*

As a final note, Wagner is entitled to qualified immunity on both the failure to *prevent* theory and the failure to *halt* theory. In order to overcome a claim of qualified immunity, a plaintiff must show that the defendant violated a constitutional right that was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 226 (2009). There is no showing that Plaintiff's constitutional rights were violated when he was placed in a shower while handcuffed with an inmate who attacked him. Nor do the undisputed material facts establish that Plaintiff's constitutional rights were violated by Wagner's efforts to *halt* the attack.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Wagner's motion for summary judgment (Doc. 87) on the only remaining claim in this matter alleging that he was deliberately indifferent to Plaintiff's health and safety by failing to *halt* the attack by inmate Johnson.

**FURTHER**, the Court **DENIES** Plaintiff's motion to reconsider the Court's previous grant of summary judgment on the theory that Wagner was deliberately indifferent to Plaintiff's health and safety by failing to *prevent* the attack by inmate Johnson.

The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same and to close the case.

**IT IS SO ORDERED.**
**DATED: May 2, 2014**

                                                   s/J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**